UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. RENTERIA,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>PAUL M. SCHULTZ,<br><br>　　　　　　　Respondent. | ) CV F 04-6506 AWI WMW HC<br>)<br>) FINDINGS AND RECOMMENDATIONS RE<br>) MOTION TO DISMISS<br>)<br>) [Doc. 13]<br>)<br>)<br>)<br>)<br>)<br>) |

　　　Petitioner is a federal prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the finding of a prison disciplinary hearing officer. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss filed May 5, 2006.

　　　In support of his motion to dismiss, Respondent contends that this case has become moot. Specifically, Respondent asserts that Petitioner was released from custody on November 11, 2005, through Good Conduct Time Release. Respondent provides the declaration of Natalie Wight, Bureau of Prisons Attorney–Advisor, who states that the records of Petitioner indicate that he was released on that date. The court further notes that an order served on Petitioner on February 14, 2006, was returned by the United States Postal Service with the notation, "not at

1

1  this address."

2      The case or controversy requirement of Article III of the Federal Constitution deprives
3  the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67,
4  70 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984).
5  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally
6  cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1984). The Federal
7  Court is "without power to decide questions that cannot affect the rights of the litigants before
8  them" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co.</u>
9  <u>v. Hayworth</u>, 300 U.S. 227, 240-241 (1937). To satisfy the Article III case or controversy
10  requirement, a litigant "must have suffered some actual injury that can be redressed by a
11  favorable judicial decision." <u>Iron Arrow</u>, 464 U.S. at 70,; <u>Simon v. Eastern Ky. Welfare Rights</u>
12  <u>Org.</u>, 426 U.S. 26, 38 (1976); <u>NAACP, Western Region</u>, 743 F.2d at 1353.   Although a prisoner
13  who has completed his sentence can challenge his conviction in habeas corpus because of the
14  collateral consequences that survive his release, there is no indication of such collateral
15  consequences stemming from administrative punishments imposed while a prisoner is
16  incarcerated.  Once a prisoner has been released, the court cannot restore any good time credits
17  he may have lost.  See Spencer v. Kemna, 523 U.S.1, 14 - 16 (1998); <u>Nonette v. Small</u>, 316 F.3d
18  872, 875-76 (9th Cir. 2002).

19      In light of the foregoing, IT IS HEREBY RECOMMENDED that this petition be
20  dismissed as moot.

21      These Findings and Recommendation are submitted to the assigned United States District
22  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
23  the Local Rules of Practice for the United States District Court, Eastern District of California.
24  Within thirty (30) days after being served with a copy, any party may file written objections with
25  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
26  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
27  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
28  objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**     **May 25, 2006**             /s/  **William M. Wunderlich**
mmkd34                              UNITED STATES MAGISTRATE JUDGE